## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| BRANDON SIMMS : | Bk. No. 17-12141-mdc |
| AMY BROWN : | |
|         Debtors : | Chapter No. 13 |
| : | |
| DEUTSCHE BANK NATIONAL TRUST : | |
| COMPANY, AS TRUSTEE, IN TRUST FOR : | |
| REGISTERED HOLDERS OF LONG BEACH : | |
| MORTGAGE LOAN TRUST 2006-9, ASSET- : | |
| BACKED CERTIFICATES, SERIES 2006-9 : | |
|         Movant : | |
|         v. : | |
| BRANDON SIMMS : | |
| AMY BROWN : | |
|         Respondents : | |

### ORDER DIRECTING THE CLERK OF THE COURT TO RESTRICT REMOTE ELECTRONIC ACCESS TO SPECIFIED FILINGS AND AUTHORIZING <u>REPLACEMENT FILINGS</u>

Upon consideration of the motion of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-9, ASSET-BACKED CERTIFICATES, SERIES 2006-9 for entry of an order, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code and Bankruptcy Rule 9037(i), directing the Clerk of the Court to permanently restrict remote electronic access to the Designated Filings, and (ii) authorizing DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-9, ASSET-BACKED CERTIFICATES, SERIES 2006-9 to make the Replacement Filing; and the Court having considered the Motion; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

    **ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Clerk of the Court is hereby directed to restrict remote electronic access to the Designated Filings.

3. Nothing in this Order shall affect the rights of the United States Trustee for Region 3, the Debtor, Debtor's counsel, the Chapter 13 Trustee, or Counsel for the Chapter 13 Trustee to request access to the Designated Filings in person at, or by writing addressed to, the Clerk of the Court's office.

4. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-9, ASSET-BACKED CERTIFICATES, SERIES 2006-9 is authorized to replace the Designated Filings with the Replacement Filing, and the Clerk of the Court is hereby directed to take such actions as are reasonably necessary to docket the Replacement Filing.

5. The Replacement Filing shall be deemed to have been filed with the Court on the date that the relevant Designated Filings it is replacing was originally filed.

6. The Replacement Filing shall be identical in all respects to the Designated Filings it replaces, except for the removal of any imperfectly redacted PII, and shall not otherwise overwrite or affect the integrity of the Designated Filings.

7. In the event of a discrepancy or difference between the Replacement Filing and the Designated Filings that does not result from the redaction of PII, the Designated Filings shall control in all respects (including, without limitation, to determine whether a notice of payment change was timely filed) and shall be treated as conclusive in resolving any such discrepancies or differences between the Designated Filings and the Replacement Filing. In such an event, the Replacement Filing shall be treated as filed as of the date of this Order.

Date: October 30, 2017

_____
HONORABLE Magdeline D. Coleman
UNITED STATES BANKRUPTCY JUDGE